Edward W. BROWN, II, a minor, by his father and next friend, Reverend Edward W. Brown, Plaintiff,

v.

Henry C. HENDRIX, President of the Board of Trustees of the Beaumont Independent School District, a Corporation, et al., Defendants.

Patricia RICHARD, Addie Richard, Michael Richard and Lana Richard, minors, by their father and next friend, Martel Richard, et al., Plaintiffs,

v.

Rodney CHRIST, President of the Board of Trustees of the Hamshire-Fannett Independent School District, a Corporation, et al., Defendants.

Civ. A. Nos. 4656, 4657.

United States District Court
E. D. Texas,
Beaumont Division.

April 24, 1964.

Elmo R. Willard, III, Johns, Willard & Hannah, Beaumont, Tex., W. J. Durham, Dallas, Tex., Robert Carter, New York City, for plaintiffs.

Louis Nelson, Strong, Pipkin, Strong & Nelson, Hardy D. Akin, J. B. Morris, J. Kenneth Hynes, Beaumont, Tex., for defendants.

FISHER, District Judge.

Civil Action No. 4656 and Civil Action No. 4657 have been consolidated by consent and agreement of the parties, both actions being "school desegregation cases" involving Negro children as Plaintiffs, and the Beaumont Independent School District and the Hamshire-Fannett Independent School District as Defendants.

It is the contention of the Plaintiffs that they are being discriminated against because of race and color and by said suits are demanding complete and immediate desegregation of all grades in both school districts, seeking Declaratory Judgment and Injunctive Relief to this effect.

The contentions of the Defendants are that complete and immediate desegregation of all grades would not be in the public interest, and that a gradual plan of desegregation would be more in the public interest. The Beaumont Independent School District has adopted a plan for a grade-a-year desegregation beginning in the first grade in September, 1963, and continuing a grade a year thereafter until the entire school system has been opened to all eligible scholastics, without regard to race or color. Evidence of the adoption of a resolution calling for this grade-a-year plan was introduced at the trial by the Defendant, Beaumont Independent School District.[1]

---

1. "BE IT RESOLVED that effective with the fall term beginning in September of 1963, the Beaumont Independent School District begin the operation of its schools on an integrated basis as follows: (1) That in September, 1963, for the school year 1963-64, all first grades in the Beaumont System be opened to all eligible scholastics without regard to race or color, but subject to the districting

Subsequent to the trial, the Trustees of the Hamshire-Fannett Independent School District adopted a plan on the 13th day of February, 1964.[2] The evidence discloses that each of the school districts involved in these two cases has been operated and maintained by the defendants in conformity with the laws of the State of Texas, and the rules, regulations and directives of the State Board of Education of the State of Texas. The evidence shows that none of the defendants, individually or collectively, have ever entered into a conspiracy or common scheme to compel the plaintiffs or any other students of the Negro race to attend racially segregated schools on account of race or color, without regard to the statutes of the State of Texas, and the rules, regulations and directives of the State Board of Education of the State of Texas. It is further shown that the defendants have at all times acted in good faith in operating the public schools within their districts and each has voluntarily adopted a plan for gradual desegregation on a grade-a-year plan.

The question for the Court to decide is whether the plans submitted by the school districts meet the test, "with all deliberate speed." [3]

Since there have been so many school desegregation cases decided by both the Circuit Courts and the Supreme Court, we consider it unnecessary to cite the numerous cases and therefore, will mention only the most recent Texas case, Miller v. Barnes, 8 Race Rel.Rep. 1035 (C.A. 1311, Austin Division, Western District), in which the excellent opinion was written by Judge Gewin of the Fifth Circuit on February 27, 1964, 328 F.2d 810, and in which Judge Gewin concludes:

"Plans of desegregation at the rate of a grade a year have not been nullified. The plan to be adopted rests largely in the discretion of the trial court who is familiar with local problems and conditions. Not only are the ambitions and desires of the plaintiffs in a particular action to be considered, but the welfare of all

---

and transfer policies of this District. (2) That in September, 1964, for the school year 1964–65, all second grades be opened to all eligible scholastics, without regard to race or color, but subject to the districting and transfer policies of this District. (3) Thereafter, each succeeding school year, one additional grade shall be integrated on the same basis set forth above, grades three through twelve consecutively, until the entire school system has been opened to all eligible scholastics, without regard to race or color. Signed: Cecil Collins, Assistant Secretary, Beaumont Independent School District, this 9th day of July, 1963."

2. "WHEREAS, the Board of Trustees and the administration have carefully studied and considered the ways and means to desegregate its schools consistent with the decision of the United States Supreme Court in Brown vs. Board of Education [347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083], which provides that various local school problems may be taken into consideration in arriving at a fair and feasible plan to bring about desegregation; and WHEREAS, the Board of Trustees and the administration have considered these local problems; and,

WHEREAS, we believe the following plan is fair to all of the children in the District and that it is best, under all attendant circumstances which are present, for this School District: NOW, THEREFORE, BE IT RESOLVED that the following plan of desegregation be adopted by the Board of Trustees of the Hamshire-Fannett Independent School District of Jefferson County, Texas: Those qualified to attend the schools and receive instruction in the Hamshire-Fannett Independent School District in the first grade for the school year 1964–65 shall be admitted to the school nearest their residence regardless of race or color. Thereafter, the second grade through the twelfth grade shall be desegregated in succession on a grade-a-year basis during the next eleven years following the school year 1964–65 (at which time the first grade is to be desegregated under this plan). ADOPTED AND APPROVED this 13th day of February, 1964. Signed: Rodney Christ, President, Board of Trustees, Hamshire-Fannett Independent School District."

3. Brown, et al., v. Board of Education of Topeka, et al., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 and 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

students, Negro and White, is fundamental to a consideration of any proposed plan."

Judge Gewin cites the Sixth Circuit case of Kelley v. Board of Education of City of Nashville, (1959) 270 F.2d 209,[4] which seems to be a similar fact situation to the problem presented in our consolidated case, in that, evidence was offered that the officials and Trustees of the Beaumont Independent School District were qualified as experts in the operation of the public schools, particularly in this area, and based upon their training and experience and studies and professional help, were of the opinion that it was not in the best interest of the public nor in the best interest of the pupils, both Negroes and whites, to have complete and immediate desegregation, but on the contrary, were of the opinion that, at least at this time, a gradual desegregation of the grades by beginning with the first grade and continuing every year thereafter with an additional grade was in the public interest and for the best interest of all pupils, both Negroes and whites.

In the Hamshire-Fannett Independent School District case, it was agreed that the public school officials and school Trustees would present the same evidence as that presented by the Beaumont Independent School District, and that the same could be considered as a part of the record in the consolidated case.

Therefore, it will be the decision of this Court to approve the plans voluntarily submitted by the respective School Boards, with the modification that the plan of the Defendant, Hamshire-Fannett Independent School District, will be changed to provide desegregation for two (2) years (first and second grades), beginning with the school year 1964–65, and will continue with a plan of a grade-a-year desegregation thereafter.

Counsel will prepare appropriate form of judgment reflecting the Court's decision, to be agreed upon as to form, and submit same to the Court within thirty (30) days from this date.

4. "The reasons for the support of the plan were clearly given by the Superintendent of Schools, the former Superintendent of Schools, by the Acting Chairman of the Board of Education, and by one of the most experienced principals and teachers where the desegregation plan was operating. Among those reasons, including difficulties arising from the recruitment of teachers, was the most persuasive one—that children in the first grade had no sense of discrimination; that as the classes of Negro and white children progressed year by year up through high school, they would know no feelings of racial discrimination, until the entire school system had been harmoniously integrated. One may disagree with the gradual process, but we cannot say that such a plan is so unreasonable that the judgment of the district court approving the plan, in the light of the evidence before it, should be reversed as clearly erroneous."